UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Neurontin Marketing and<br>Sales Litigation | )<br>)<br>)  MDL Docket No. 04-MDL-1629<br>)  Case No. 1:04-cv-12625-PBS<br>) |

BRIEF IN SUPPORT OF MOTION FOR APPOINTMENT OF

TENNESSEE LEAD COUNSEL

NOW INTO COURT comes Bauda Vauda Lee Sutton, Plaintiff in a consumer class action in the United States District Court for the Eastern District of Tennessee against the Defendants titled *Sutton v. Pfizer, Inc., et al.,* E.D. TN, No. 2:04-CV-337, by and through counsel, and in support of her Motion For Appointment Of Tennessee Lead Counsel, states as follows:

**I.      Preliminary Statement**

Ms. Sutton respectfully submits this Memorandum of Law in support of her Motion for the appointment of Gordon Ball as Tennessee Lead Counsel and a member of the Executive Committee for Plaintiffs in this proceeding. Gordon Ball is an experienced antitrust class action attorney who is committed to devoting the time and resources necessary to prosecute this case successfully with regard to Tennessee consumers. He will act fairly, efficiently and economically in the interests of all parties and their counsel in accordance with Section 20.22 of the *Manual for Complex Litigation* (Third) ("*Manual*").

Ms. Sutton is an individual who resides in Tennessee and is a member of the proposed class in this multi-district litigation, as well as the named Plaintiff and representative of a proposed class of similarly situated Tennessee residents in her consumer class action filed on August 11, 2004 in the Circuit Court for Cocke County, Tennessee (attached as Exhibit B to Ms. Sutton's Motion).  Ms. Sutton's case was removed to the United States District Court for the Eastern District of Tennessee on September 16, 2004 (Exhibit C to Ms. Sutton's Motion).  The District Court stayed Ms. Sutton's Tennessee action on November 16, 2004 (Exhibit D to Ms. Sutton's Motion).  On October 26, 2004, the Judicial Panel on Multidistrict Litigation transferred 23 civil actions in this matter to the Honorable Patti B. Saris of this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  Ms. Sutton's Tennessee action was transferred to this MDL Court on December 7, 2004 (Exhibit E to Ms. Sutton's Motion).

Appointment of Ms. Sutton's counsel, Gordon Ball, as Tennessee Lead Counsel and a member of the Executive Committee for Plaintiffs would avoid unnecessary duplication of efforts, control fees and expenses, and achieve efficiency and economy without jeopardizing fairness to Tennessee consumers and to the other parties in the litigation.

**II.   Law and Argument**

    **A.   Tennessee consumers bring unique claims.**

Although Ms. Sutton's causes of action arise out of the same underlying facts as those supporting other states' consumers and plaintiffs, Ms. Sutton also contributes unique legal claims under Tennessee antitrust, consumer protection and common law that

are different from the interests of the other consumers and plaintiffs.  As the United States Supreme Court stated, "[g]iven the long history of state common-law and statutory remedies against monopolies and unfair business practices, it is plain that this is an area traditionally regulated by the States," *California v. ARC America Corp.*, 490 U.S. 93, 102-03 (1989).  The Tennessee Trade Practices Act, Tenn. Code Ann. § 47-25-101 *et seq*, applies to acts that attempt to restrain trade outside of the state of Tennessee and allows recovery of the full consideration or sum paid by a person for any goods, *Sherwood v. Microsoft Corp.*, 2003 Tenn. App. LEXIS 539 (Tenn. App. 2003).  The purpose of the Tennessee Act, unlike many antitrust statutes is to protect *both* commerce *and* the consuming public, *Id*.  This ability of all persons injured to recover full consideration in unlike nearly every other state.

  The current Plaintiffs' representatives in this action have interests adverse to those of Ms. Sutton. In *Amchem Products, Inc. v. Windsor, et al.*, 521 U.S. 591 (1997), the United States Supreme Court recognized that an individual class members' interests must be adequately protected, notwithstanding the problems that inevitably arise in the management and adjudication or settlement of class actions.  The adequacy inquiry in the class action context under Rule 23(a)(4) of the Federal Rules of Civil Procedure serves "to uncover conflicts of interest between the named parties and the class they seek to represent," *Amchem*, 521 U.S. at 625, citations omitted.  A class representative "'must be part of the class and 'possess the same interest and suffer the same injury' as the class members,'" *Amchem*, 521 U.S. at 625-26, *quoting East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).  All of the consumers and potential class members

in this multidistrict litigation do not suffer the same class injury, and only Tennessee consumers suffered injury under Tennessee law.

Another of the specific issues dividing the potential class members is that only residents of those specific states, which include the State of Tennessee, that allow indirect purchasers to recover "full consideration" damages can recover under this theory— residents of all other states and those claiming only violations of federal law cannot. Without the appointment of Gordon Ball as Tennessee Lead Counsel and a member of the Executive Committee for Plaintiffs, Tennessee consumers cannot be provided assurance of fair and adequate representation, nor can they be assured that any resolution of this matter will not allocate portions of the recovery to states and individuals who have no right to recover the "full consideration" damages from Defendants.

An attorney cannot represent a class whose members have conflicting interests or make discretionary decisions that favor the interests of some class members of those of other class members. The possibility of the divergent interests requiring that the existing counsel make tradeoffs between or among plaintiffs, for example in negotiating for a class with divergent and possibly conflicting interests, require that Gordon Ball be appointed Tennessee Lead Counsel and a member of the Executive Committee for Plaintiffs. Any resolution of this matter must "seek equity by providing for procedures to resolve the difficult issues of treating such differently situated claimants with fairness among themselves," *Ortiz*, 527 U.S. at 856.

### B. Tennessee consumers require separate representation in this action.

The Tennessee complaint filed by Ms. Sutton alleges that Defendants' conduct is in violation of specific and unique Tennessee antitrust, consumer protection, and

common laws.  The complaint seeks full consideration damages, actual damages, treble damages, and restitution individually for Tennessee indirect purchasers on a class-wide basis.

There are no restrictions on the selection of class counsel other than those imposed by Federal Rule 23.  Courts have selected more than one firm to work together. See, e.g., *In re Party City Sec. Litig.,* 189 F.R.D. 91, 114, 116 (D.N.J. 1999) ("it does not appear the appointment of two law firms as co-lead counsel in the instant matter will lead to duplicative efforts by counsel, absence of coordination or delay, or increased costs to the Proposed Class.").  Where, as here, "a conflict of interest looms upon the horizon, the appointment of separate counsel for each group (class and derivative plaintiffs) may well be advisable." *Levine v. American Export Industries, Inc.*, 473 F.2d 1008, 1009 (2d Cir. 1973) *citing Lewis v. Shaffer Stores Company*, 218 F. Supp. 238 (S.D.N.Y.1963); *Ruggiero v. American Bioculture, Inc.*, 56 F.R.D. 93 (S.D.N.Y.1972).

In certain situations, the appointment of multiple lead counsel may better protect the interests of the plaintiff class. Where a single firm lacks the resources or expertise to prosecute an action, for example, the approval of multiple lead counsel may expedite litigation. *See Oxford*, 182 F.R.D. at 49 (where proposed law firms were small and litigation was potentially "costly and time-consuming," the "sharing of resources and experience" would ensure a more expeditious resolution of the action); *In re Wells Fargo Sec. Litig.*, 156 F.R.D. 223, 226 (N.D.Cal. 1994).

Further, under Rule 23(c)(4)(A) of the Federal Rules of Civil Procedure, a class or sub-class may be certified for only certain issues or claims in the litigation.  At the appropriate time, Ms. Sutton and her counsel will move this court to certify a class or

5

sub-class of Tennessee consumers in this litigation. Such a certification will enable the Court to achieve further economies of class action treatment for the Tennessee class members, who assert specific and unique provisions of Tennessee law.

FRCivP 23(c)(4)(A) allows a district court to certify a class for particular issues and can be used to litigate common issues on a class-wide basis. *Maneely v City of Newburgh* (2002, SD NY) 208 FRD 69. Antagonistic interests within class can be eliminated by realigning cause into subclasses that are defined congruently with substantive issues at hand. *Davis v Weir* (1974, CA5 Ga) 497 F2d 139, 18 FR Serv 2d 1497 (ovrld in part on other grounds as stated in *O'Neal v City of Seattle,* 66 F3d 1064 (9th Cir. 1999). Subclasses may be created when, as here, there are conflicts of interest among class members. In re Painewebber Ltd. Pshp. Litig. (1996, SD NY) 174 FRD 35.

### C. Appointment of Gordon Ball as Tennessee Lead Counsel is appropriate and will help to ensure this case is efficiently litigated.

Due to the complexity of this antitrust action and the number of lawsuits and state laws involved, appointment of a lead counsel for the State of Tennessee is necessary to ensure the protection of Tennessee consumers and to promote efficiency and economy in the representation of all members of the proposed class. Ms. Sutton respectfully submits that Gordon Ball, who has extensive experience in litigating complex antitrust class action litigation, should be appointed as Tennessee lead counsel.

As the *Manual* sets forth, lead counsel has many responsibilities:

> charged with major responsibility for formulating (after consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and

6

>organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

*Manual* § 20.221.

Among the factors that the *Manual* sets forth as important for courts to consider when appointing lead counsel are experience and the ability to work cooperatively with opposing counsel and the court. *Manual* § 20.221. Gordon Ball is a nationally recognized class action attorney who has frequently and successfully led complex class actions and is committed to devote the time and resources necessary to prosecute this case on behalf of Tennessee consumers. Gordon Ball prosecutes class actions nationwide on behalf of victims of antitrust and consumer protection law violations. He has led numerous antitrust cases including those described at Exhibit A to Ms. Sutton's motion.

Mr. Ball is the most qualified, competent and experienced counsel for representing Tennessee consumers and for formulating and presenting positions on Tennessee substantive and procedural issues during the litigation. Mr. Ball is qualified to present written and oral arguments and suggestions to the court, to work with opposing counsel and other states' lead counsel in developing and implementing a litigation plan, to initiate and organize discovery requests and responses, to conduct the principal examination of deponents, to employ experts, to arrange for support services, and to ensure that schedules are met. Mr. Ball will fairly and equitably represent the interests of Tennessee consumers, and will assess a reasonable charge for services.

Gordon Ball fully understands that the responsibilities of Tennessee Lead Counsel and a member of the Executive Committee for Plaintiffs in this litigation would extend beyond the resolution of Ms. Sutton's involvement and include responsibilities to this

7

Court and an obligation to act fairly, efficiently, and economically in the interests of all parties and their counsel.  Mr. Ball also understands that serving as Tennessee Lead Counsel and a member of the Executive Committee for Plaintiffs will include an obligation to keep other attorneys representing class members advised of the progress of the litigation and to consult them about decisions significantly affecting their clients.  Mr. Ball will not bind the group without specific authority, nor will he, without court authorization, allow settlement discussions to interfere with his responsibility to move the litigation to trial on schedule.

Gordon Ball has successfully brought numerous class actions and obtained millions of dollars in recovery on behalf of various classes.  In light of his significant antitrust and consumer protection class action experience, he is qualified and suited to represent the Tennessee consumers in this action.  He should be appointed Tennessee Lead Counsel and a member of the Executive Committee for Plaintiffs to protect the interests of Tennessee consumers.

**III.     Conclusion**

For the foregoing reasons, Ms. Sutton respectfully requests that the Proposed Order be entered appointing Gordon Ball as Tennessee Lead Counsel and a member of the Executive Committee for Plaintiffs in this action.

Dated:  January 7th, 2005

       ___/s/_//Gordon Ball//_____
       Gordon Ball
       Ball & Scott
       550 W. Main Avenue, Suite 750
       Knoxville, TN  37902

*Attorney for Bauda Vauda Lee Sutton*

**CERTIFICATE OF SERVICE**

I, Gordon Ball, do hereby certify that a copy of the foregoing has been sent via U.S. Mail, sufficient postage prepaid, or through the United States District Court, District of Massachusetts CM/ECF electronic delivery system to the following:

[see attached service list]

This 7th day of January, 2005.

                                                __/s/_//Gordon Ball//_____
                                                Gordon Ball